PER CURIAM.
 
 [1]
 

 11 Granted. The decision of the court of appeal is reversed insofar as it vacated the amount of restitution to various aggrieved parties ordered by the trial court as a condition of defendant’s probation following her conviction on 123 counts of cruelty to animals in violation of La. R.S. 14:102.1, and directed the court to reopen the restitution hearing for purposes of determining “the amount of expenses incurred from the
 
 *893
 
 date of the seizure of the animals in question to the date of the transfer of ownership of the animals to the parish.”
 
 State v. Walder,
 
 09-0716, p. 11 (La.App. 1st Cir.9/11/09) (unpub’d)(Whipple, J., dissenting).
 

 A majority on the court of appeal panel found that R.S. 14:102.2, “the only statute fully authorizing the type of expenses involved in this case, clearly contemplates continued ownership of the seized animals.”
 
 Walder,
 
 09-0716 at 10. However, we agree with the dissenting views of Judge Whipple that defendant’s |2execution of an agreement with parish authorities only six days after seizure of the animals, by which she explicitly transferred the sole ownership and control of the animals to the parish, which then assumed responsibility for their welfare and care pending disposition, did not limit the discretion of the trial judge to impose, as a condition of probation following conviction, restitution “to the aggrieved party for damage or loss caused” by the offense. La.C.Cr.P. art. 895(A)(7). In the case of the crime of cruelty to animals, a trial court may order forfeiture of the animal following defendant’s conviction, and it may also order “the payment of any reasonable or additional costs incurred in the boarding or veterinary treatment of any seized animal prior to its disposition, whether or not a bond was posted by the defendant.” La. R.S. 14:102.2(D). Disposition entails not the formal transfer of ownership to the state or parish authorities, whether by agreement or by forfeiture, but the “sale, adoption, or euthanasia” of the animal. La. R.S. 14:102.2(C). In the present case, as Judge Whipple observed, the costs assessed against defendant “were incurred solely as a result of the defendant’s criminal acts and were incurred directly in fulfillment of the state’s statutory duties to appoint a veterinarian or other suitable custodian to provide the mandated care and boarding until final disposition.”
 
 Walder,
 
 09-0716 at 4 (Whipple, J., dissenting).
 

 We therefore reinstate the restitution order originally entered by the court on April 28, 2005, crediting defendant with $14,876 following sale of the horses, as reaffirmed by the court in its order of February 5, 2009.
 

 [1]
 

 . Kimball, C.J., Hot participating.